UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, <br><br> Defendant. | Civil Action No. 21cv1125 (CRC) |

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Martin J. Walsh, Secretary of the United States Department of Labor (Secretary or Plaintiff), by and through Channing D. Phillips, Acting United States Attorney, and Darrell Valdez, Assistant United States Attorney, having filed his complaint and the American Federation of Government Employees (AFGE or Defendant) having appeared by counsel, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

1. Plaintiff brought this action on April 26, 2021, under the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 ("the Act"). The Amended Complaint filed June 9, 2021, requested that Defendant's election for the office of National Vice President, District 4, which was conducted on October 10, 2020 (October 10, 2020 election), be declared void, and further requested that a new election for that office (caucus election) be conducted under the supervision of Plaintiff.

2. Plaintiff alleged that violations of Title IV of the Act, 29 U.S.C. § 481, *et*

*seq.*, had occurred and had not been remedied at the time of the institution of this action.

3. Defendant denies the violations alleged in this action.

4. Plaintiff and Defendant (collectively "the parties") agree that it is in the parties' best interests to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of this Stipulation and Order without trial or further adjudication of any issues of fact or law raised in the Secretary's Amended Complaint.

5. The parties agree to entry of an Order directing that Defendant conduct a new caucus election under the supervision of the Secretary, for the office of National Vice President, District 4, including nominations. The parties will make their reasonable, best efforts to complete the caucus election by November 30, 2021, unless the parties mutually agree to a later date.

6. The supervised election shall be conducted in accordance with Title IV of the LMRDA, 29 § U.S.C. 481, *et seq.*, and, insofar as lawful and practicable, and except as otherwise provided herein, in accordance with Defendant's constitution and bylaws and District Caucus Rules.

7. It is further stipulated that:

    a. All decisions as to the interpretation or application of Title IV of the LMRDA, Defendant's constitution and bylaws, and Defendant's District Caucus Rules relating to the supervised election, including decisions regarding delegate voting strength and notices to the membership, are to be determined by the Secretary and his decision shall be final, subject to challenge in this Court. However, Defendant's proposed interpretation or application of its constitution and bylaws or District Caucus Rules

   shall be considered by the Secretary and given appropriate weight.

 b. As part of the supervised election, the Secretary's designated election supervisor shall review delegates from each local and certify those delegates who have been properly elected. AFGE will assist OLMS in ensuring that each local's certified delegates are properly elected and that all certified delegates have a reasonable opportunity to be seated at the caucus.

 c. Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election.

 d. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the name of the person elected to serve as the National Vice President, District 4, for the remainder of the current term. *See* 29 U.S.C. § 482(c).

 e. The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, except as otherwise provided herein, in accordance with the provisions of the Defendant's constitutions and bylaws and District Caucus Rules.

 f. Upon approval of the certification, the Court shall enter a final judgment

declaring that such person has been elected as shown by the certification.

g. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

The effective date of this Stipulation of Settlement and Order is the date the Court enters the Order.

BRIAN BOYNTON
Acting Assistant Attorney General

CHANNING D. PHILLIPS
Acting United States Attorney

BRIAN HUDAK
Acting Chief, Civil Division

By: _____
DARRELL VALDEZ, D.C. Bar No. 420232
Assistant United States Attorney
555 4th Street, NW, Civil Division
Washington, DC 20530
(202) 252-2507
Darrell.Valdez@usdoj.gov

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO,

_____
Dr. Everett Kelley
National President
Dated: July 27, 2021

_____
RUSHAB B. SANGHVI
Deputy General Counsel
D.C. Bar No. 1012814

American Federation of Government
Employees, AFL-CIO
80 F Street, NW
Washington, DC 20001
sanghr@afge.org

Dated: July __27__, 2021

SO ORDERED.

Dated: July __28__, 2021

CHRISTOPHER R. COOPER
United States District Judge

5