UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, <br><br> Defendant. | Civil Action No. 21cv1125 (CRC) |

DECLARATION OF
TRACY L. SHANKER

I, Tracy L. Shanker, am the Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). The Department supervised an election of officers of the American Federation of Government Employees (AFGE or Defendant) on December 4, 2021, pursuant to a Court Order [Dkt. No. 11] entered July 28, 2021. Pursuant to this Court Order, the supervised election consisted of a new election for the sole position of District 4 National Vice President. The Election Supervisor had the authority and responsibility for implementing all aspects of the supervised election. The Defendant's Election Committee conducted the election under the supervision of the Department. OLMS received two pre-election protests and one post-election protest. OLMS investigated and resolved all protests prior to certifying the election, as described below.

A. Election Process

The Pre-Election Conference Call was held at 12:45 p.m. on September 7, 2021. The purpose of the conference was to develop election rules and procedures and to establish timeframes to be used in conducting the election. The conference was open to all interested

parties and provided attendees the opportunity to participate in formulating the election rules by presenting materials or comments. During the conference, Geneva Ferrando —an OLMS Senior Investigator designated as the election supervisor (Election Supervisor)—established the election rules, including candidate and voter eligibility, protest procedures, and time frames for Defendant's supervised election. The Election Supervisor advised the participants that the Department was responsible for assuring the conduct of a fair election under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), and, insofar as lawful and practicable, in accordance with provisions of the *AFGE Constitution and Bylaws* dated August 2018. Moreover, the Election Supervisor advised attendees that election rules could be added by the OLMS Election Supervisor as needed.

On September 30, 2021, AFGE mailed local unions in District 4 a packet containing a letter advising the officer of the local's voting and delegate strength, the combined caucus nomination/election notice, and copies of the delegate credential form. The nomination/election notice advised that locals in good standing could participate in the caucus through delegates that would make nominations from the floor of the caucus. The notice also stated that polls should be open on the afternoon of the caucus.

The supervised election for District 4 National Vice President was conducted at the District 4 caucus in Linthicum Heights, Maryland on December 4, 2021. A total of eighty delegates registered for the caucus, representing forty-two locals and carrying 28,176 votes. Local 1923 President and Delegate Anita Autrey nominated the incumbent District 4 National Vice President, Dan Doyle. Local 449 Delegate Mac Johnson nominated Local 2065 Delegate Al Burgess. OLMS confirmed that both nominees were eligible to run. The winning candidate was Dan Doyle.

The protest procedure delineated in the Court Order required that protests "be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally." [Dkt. No. 11]. The Department received two pre-election protests and one post-election protest from two local delegates, as summarized below.

### B. Pre-Election Protests

*i. October 6, 2021 Protest*

Allegation:  Local 2065 Delegate Al Burgess alleged that Local 1923 President and Delegate Anita Autrey used employer resources to campaign against him when she used his name in an email dated October 4, 2021.

Response:  Section 401(g) of the LMRDA prohibits the use of employer funds or resources to promote or disparage the candidacy of any individual in an election. 29 U.S.C. § 481(g). In assessing whether material constitutes campaigning for purposes of Section 401(g), the Department analyzes the timing, tone, and content of the material. Here, Delegate Burgess alleged that President Autrey disparaged him while using her employer-provided email when responding to a challenge over a Local 1923 member's ability to self-nominate himself for office. President Autrey replied to the member that he had missed the deadline for nominations and closed with: "Perhaps Al Burgess can help you?"  President Autrey copied three delegates from Local 1923 on this email.

Although the timing of this email was within the timeframe of the supervised pre-election procedures, the tone and content of the material did not indicate campaigning. Delegate Burgess contended that President Autrey had no reason to bring up his name other than to disparage him and to patronize his supporters to other delegates. The tone of President Autrey's email did not plainly promote nor disparage Delegate Burgess. Burgess' name was also not used in the context

of his candidacy for office, as the email did not reference his running for office nor the District 4 National Vice President position. Thus, there was no violation of the LMRDA.

*ii. December 3, 2021 Protest*

Allegation: Jennifer Marshall alleged that she was entitled to be an ex-officio delegate to the District 4 caucus because she was the elected Local 2145 President.

Response: Section 401(e) requires a union to conduct elections of officers in accordance with the union's constitution and bylaws. 29 U.S.C. § 481(e). Marshall was elected president of Local 2145 on December 2, 2021. On December 3, 2021, Marshall asked the Election Supervisor whether she could act as a delegate to the District 4 Caucus the next day. Marshall was initially informed that she was not an ex-officio delegate because she had not yet been installed as Local 2145 president, and she had not otherwise been elected as a delegate. Marshall immediately filed the instant protest. Later in the morning of December 3, 2021, Marshall was installed as the Local 2145 president. Art. IX, Sect. 2 of the Local 2145 Bylaws provides: "The local's President if elected to that office shall serve as a delegate to the AFGE National Convention, district caucus. . . ." Marshall was subsequently permitted to serve as ex-officio delegate to the District 4 Caucus carrying 816 votes for Local 2145. There was no violation of the LMRDA.

Allegation: On December 3, 2021, Marshall further alleged that the two Local 2145 delegates that were elected at the Local 2145 nomination meeting were not properly elected because the meeting notice was not mailed to the members' last known home address at least fifteen days prior to the election as required by the Local 2145 bylaws.

Response: Again, Section 401(e) of the Act requires a union to conduct elections of officers in accordance with the union's constitution and bylaws. *Id.* Marshall cited Section 31 of the Local 2145 By-Laws from 2001, which require the Union to send written notice of local

delegate elections "to the membership at their last known home address at least 15 days prior to the election." However, the Local 2145 bylaws drafted in 2019 and adopted on January 16, 2020, do not contain such a notice requirement. Art. VII, Sect. 1 of the current bylaws merely require that elections be run in accordance with the AFGE National Constitution. Exh. 2. The election rules at App. A, Sect. 3(a)(3) of the AFGE National Constitution do not require mailed nominations notices for local delegate elections, but merely stipulate that nominations notices "must be timely to provide members with a reasonable opportunity to nominate candidates . . . . at least ten days prior to the date set for making nominations."

On or about September 28, 2021, notice of an October 14, 2021, membership meeting was emailed to the membership and posted at members' worksites. The notice indicated that Local 2145 would vote on whether it would participate in the AFGE District 4 caucus, and, if yes, which delegates would represent the local at the caucus. The notice stated that Local 2145 had an allotment of ten district caucus delegates and that nominations for such delegates, if required by membership vote, would be taken at this meeting. Thus, nominations notice was provided more than ten days prior to the nominations meeting.

At the October 14, 2021, membership meeting, the membership voted to participate in the District 4 caucus. Because only two members were nominated for the ten delegate slots, the nominees were uncontested, and no election was necessary. Consequently, the nominees were deemed properly elected as delegates by acclamation. Therefore, there was no violation of the LMRDA.

C. Post-Election Protests

*i. December 9, 2021, Protest*

<u>Allegation:</u>  Delegate Burgess alleged that Local 2145 President Marshall was improperly

allowed to serve as a delegate because she was not supposed to be installed as local president until January 2022 (after the District 4 caucus), and she did not otherwise have the proper credentials.

     Response:  Section 401(e) further provides that every member in good standing has the right to vote for or otherwise support the candidate or candidates of her choice. 29 U.S.C. § 481(e).  Section 401(f) requires that: "When officers are chosen by a convention of delegates elected by secret ballot, the convention shall be conducted in accordance with the constitution and bylaws of the labor organization insofar as they are not inconsistent with the provisions of this title."  29 U.S.C. § 481(f). Remedial elections conducted under the Department's supervision are also conducted "in conformity with the constitution and bylaws" of the union in so far as those provisions are "lawful and practicable," as determined by the Department. 29 U.S.C. § 482(c); see also 29 U.S.C. § 482(b) (supervised elections to be conducted in accordance with "such rules and regulations as the Secretary [of Labor] may prescribe"). It is the U.S. Department of Labor's policy to have a union install winning candidates in a supervised election as soon as possible after the election has concluded because then-incumbent candidates were installed pursuant to an election that violated the LMRDA. Here, the Department entered into a stipulated settlement with American Federation of Government Employees (AFGE) Local 2145 to conduct a new election for president, executive vice president and trustee chairman under the Department's supervision and in accordance with the union's constitutions and bylaws insofar as lawful and practicable. The "AFGE Local 2145 Election Notice" erroneously stated, "Installation of the new officers will be in January 2022."  However, Local 2145 candidates were notified in a pre-election conference on October 25, 2021, that the elected officers would be installed as soon as possible following their election. The "General Rules - AFGE Local 2145 Elections for

President, Executive VP, Trustee Chairman - December 2021," that were distributed to all Local 2145 candidates on November 4, 2021, also stated: "Installation of Officers - The officers elected in this election will be installed as soon as possible after the ballot tally." As stated above, Marshall was elected Local 2145 president on December 2, 2021, and was installed on December 3, 2021. Under the local bylaws, Marshall was entitled to serve as a delegate due to her position as local president. Thus, Marshall was properly elected and installed as a delegate to the District 4 caucus on behalf of Local 2145.

      Delegate Burgess contended that Marshall failed to timely obtain delegate credentials or a waiver from the Caucus Credentials Committee in violation of the 2020 Amended District Caucus Rules. Rule 7(f) of the 2020 Amended District Caucus Rules required delegate credentials to be submitted "at least 30 days prior to the Caucus" unless the Caucus Credentials Committee granted a waiver. However, the credentials deadline from the 2020 Amended District Caucus Rules was not applied to the 2021 supervised election because it was not practicable. Some delegate elections needed to be re-run within thirty days of the caucus under the supervision of the Department. Rather, the 2021 caucus election notice stated that delegates were "encouraged" to submit credentials by November 4, 2021. Caucus Credentials Committee waivers were not required for the supervised election in order to submit credentials less than thirty days before the 2021 caucus. Delegates were allowed to vote in the caucus so long as they were certified by the Department as being properly elected. Because the Department certified Marshall as a properly elected delegate, there was no violation of the LMRDA.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of May, 2022, in Silver Spring, Maryland.

*[signature: Tracy L. Shanker]*

_____

Tracy L. Shanker, Chief
Division of Enforcement
Office of Labor-Management Standards
U.S. Department of Labor

**CERTIFICATE OF SERVICE**

I hereby certify that on the __th day of May 2022, I served the attached Certification and Declaration upon Respondent, American Federation of Government Employees, AFL-CIO, by electronic mail to:

    Rushab Sanghvi
    Associate General Counsel
    American Federation of Government Employees
    80 F Street, NW
    Washington, D.C. 20001
    Sanghr@afge.org

*/s/ Lindsy Tina Lee*
Lindsy T. Lee
Attorney for Complainant
U.S. Department of Labor
Office of the Solicitor
Civil Rights and Labor-Management Division
200 Constitution Ave., NW
Suite N-2474
Washington, D.C. 20210
Tel: (202) 693-5296
Fax: (202) 693-5319
Email: Lee.Lindsy.T@dol.gov